**Anthony Edward MACK, Plaintiff–Appellant,**

v.

**Anthony A. LAMARQUE; et al., Defendants–Appellees.**

**No. 06–15915.**

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 2009.*

Filed July 6, 2009.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Anthony Edward Mack, Represa, CA, pro se.

Trace O. Maiorino, Esq., AGCA–Office of the California Attorney General, San Francisco, CA, for Defendants–Appellees.

Before: PAEZ, TALLMAN, and N.R. SMITH, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provid-

## MEMORANDUM **

Anthony Edward Mack, a California state prisoner, appeals pro se from the district court's summary judgment in his 42 U.S.C. § 1983 action challenging his disciplinary conviction and punishment. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Sorrels v. McKee*, 290 F.3d 965, 969 (9th Cir.2002), and we affirm.

■ The district court properly granted summary judgment on Mack's retaliation claim against defendant Epperson because Mack failed to raise a genuine issue of material fact as to whether Epperson filed the rules violation report because Mack had previously filed grievances against other prison officials. *See Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir.2005) (listing elements of a retaliation claim). Summary judgment was proper on the retaliation claims against defendants Butikofer and Diaz because the undisputed evidence indicates that these defendants did not take an adverse action against Mack. *See id.*

The district court properly granted summary judgment on the 42 U.S.C. § 1985 conspiracy claim against Butikofer, Diaz, and Epperson because Mack failed to raise a genuine issue of material fact as to the existence of a conspiracy. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (requiring the nonmoving party to designate specific facts showing that there is a genuine issue for trial regarding dispositive issues where the nonmoving party will bear the burden of proof at trial).

■ The district court properly granted summary judgment on Mack's due process claim against defendant Mirich arising

ed by 9th Cir. R. 36–3.

from Mirich's refusal to allow Mack to call two witnesses at Mack's disciplinary hearing, because Mack failed to raise a genuine issue of material fact as to whether those witnesses would have provided any additional, relevant evidence. *See Wolff v. McDonnell,* 418 U.S. 539, 566, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) ("Prison officials must have the necessary discretion ... to refuse to call witnesses [for reasons such as] irrelevance [or] lack of necessity....").  Further, Mack has come forward with no evidence suggesting that Mirich retaliated against him. *See Rhodes,* 408 F.3d at 567–68.

■ The district court properly granted summary judgment on the due process claim related to the timing of the assessment of Mack's term in the Security Housing Unit ("SHU") because the alleged violation did not impose an "atypical and significant hardship." *Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  Further, Mack has come forward with no evidence suggesting that the defendants who were responsible for the assessment of his SHU term retaliated against him. *See Rhodes,* 408 F.3d at 567–68.

The district court also properly granted summary judgment on Mack's challenge to the conditions of his confinement during a three-week period, because he did not demonstrate that he suffered more than de minimis physical injury. *See Oliver v. Keller,* 289 F.3d 623, 627–29 (9th Cir.2002).

Mack's remaining contentions, including those related to his claims against defendants Donnelly, Morton, Nunez, and Monteiro, and his other claims against members of the Institutional Classification Committee, are unpersuasive.

**AFFIRMED.**